IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN W. WHILEY, | ) | |
| | ) | 3: 10-cv-00365-JO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| DON MILLS, | ) | |
| | ) | |
| Respondent. | ) | |

Robert W. Rainwater
Rainwater Law Group
1430 Willamette Street, Suite 492
Eugene, Oregon 97401

    Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Andrew Hallman
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his convictions and sentence for robbery and assault. For the reasons set forth below, the Petition for Writ of Habeas Corpus [3] is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

On February 1, 2002 and May 13, 2002, the Multnomah County Grand Jury returned separate indictments charging petitioner with fourteen counts of Robbery in the First Degree with a Firearm, thirteen counts of Robbery in the Second Degree, two counts of Assault in the Second Degree and one count of Robbery in the Second Degree with a Firearm. Respondent's Exhibits 105 & 106. Following a jury trial, petitioner was convicted on ten counts of Robbery in the First Degree, ten counts of Robbery in the Second Degree and one count of Assault in the Second Degree. The sentencing court imposed a sentence totaling 360 months. Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without written opinion, and the Oregon Supreme Court denied review. State v. Whiley, 203 Or. App. 544 (2005) rev. denied, 340 Or. 157 (2006); Respondent's Exhibits 107-111.

Petitioner filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Whiley v. Hill, Malheur

2 - OPINION AND ORDER

County Circuit Court Case No. 06-09-5353P. On appeal, the Oregon Court of Appeals affirmed the PCR court without written opinion, and the Oregon Supreme Court denied review. <u>Whiley v. Hill</u>, 229 Or. App. 740 (2009), <u>rev. denied</u>, 347 Or. 259 (2009); Respondent's Exhibits 157-161.

On April 2, 2010, petitioner filed this action. In his Petition for Writ of Habeas Corpus, he raises the following grounds for relief:

> <u>Ground One</u>: The trial court erred in admitting, over defendant's objection, evidence of prior convictions and bad acts which were too old to be introduced as impeachable offenses under Oregon Evidence Code, prejudicing defendant, and depriving defendant-petitioner of his due process right to a fair trial under the Fourteenth Amendment to the United States Constitution.
>
> <u>Supporting Facts</u>: On cross-examination at his trial, the District Attorney was permitted, over the objections of the defense, to elicit from the defendant-petitioner that he had been convicted of similar and other crimes and bad acts that occurred well over fifteen (15) years in the past; in violation of Oregon Evidence Code (OEC) 609(3)(a). With defendant-petitioner's credibility at issue, the nature of the prior convictions, particularly one for the same crime as that charged here and where the defense has raised an alibi defense; was extremely prejudicial. (Tr. 1650-1652).
>
> The Trial court was required to weigh the probative value of the evidence against the prejudicial effect to defendant-petitioner in reaching a decision to exclude or allow this evidence. The decision to allow this evidence of prior bad acts and convictions so prejudiced petitioner as to deny him his due process rights to a fair trial. (Tr. 1440, 1457-58, 1507-09).
>
> <u>Ground Two</u>: Petitioner's imprisonment was and is illegal because the trial court failed to act or make official inquiry into the viewing by a juror of the defendant-petitioner in chains, jail clothes, and escorted by law enforcement officers during the trial, and failed to declare a mistrial, in

3 - OPINION AND ORDER

violation of petitioner's Sixth Amendment right to an impartial jury, and petitioner's due process right to the presumption of innocence under the Fourteenth Amendment to the United States Constitution, respectively.

Supporting Facts: At the return of verdicts in petitioner's trial, petitioner personally addressed the trial court and brought to the court's attention that several of the jurors[] had witnessed petitioner in shackles and chains, jail clothes, and escorted by law enforcement officers. Defendant-petitioner requested an official inquiry be made into this prejudicial information. (Tr. 1662-1665).

The trial court failed to make any kind of inquiry or finding into this highly prejudicial information and allegations, and failed to take any action at all in the matter. Petitioner's trial counsel failed to move for a mistrial based on this contamination of the jury. As a result, petitioner's Sixth Amendment right to a[n] impartial jury, and his Fourteenth Amendment due process right to the presumption of innocence were deprived and he was denied a fair trial.

Ground Three: Petitioner's imprisonment was and is illegal because he was denied effective and adequate assistance of trial counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States, and under Article I, Section II of the Constitution of the State of Oregon in the following way. Trial counsel was ineffective and inadequate in failing to move for a mistrial when evidence was presented that members of the jury had witnessed petitioner on more than one occasion in shackles and chains, in jail clothes, and escorted by law enforcement officers during the trial.

Supporting Facts: There was evidence presented to the trial court that members of the jury at petitioner's trial had witnessed petitioner in shackles and chains, in jail clothes, and being escorted by law enforcement officers on more than one occasion during the trial (Tr. 1662-1665).

Trial counsel failed to move for a mistrial based on this highly prejudicial viewing by the members of the jury, and even failed to object or otherwise protest the trial court's failure to make any official inquiry or finding into this prejudicial matter.

As a result of trial counsel's failure(s) to exercise reasonable, professional skill and judgment, petitioner was deprived of effective and adequate assistance of trial counsel

at his trial in this matter. Trial counsel's error(s) were not harmless beyond a reasonable doubt.

Ground Four: Petitioner's imprisonment was and is illegal because he was denied effective and adequate assistance of post-conviction appellate counsel under the Fourteenth Amendment to the United States Constitution, and under Article I, Section II of the Constitution of the State of Oregon, in the following way. Post-conviction appellate counsel, Andrew S. Chilton, failed and refused to raise the issues and grounds that petitioner had raised in his post-conviction petition, except for a single issue/ground, in petitioner's appeal.

Supporting Facts: Petitioner raised eight (8) issues or grounds for relief in his petition for post-conviction relief. Petitioner's post-conviction court, Malheur County Circuit Court, held a post-conviction hearing and ruled on each of these issues in petitioner's post-conviction case.

Petitioner was appointed post-conviction appellate attorney, Andrew S. Chilton. Petitioner requested that attorney Chilton raise and present the same issues in his post-conviction appeal as petitioner had raised in the court below and exhausted.

Petitioner had verbal and written discussions with attorney Chilton regarding his desire and wish to raise and present these issues to the Court of Appeals and if necessary, in a Petition for Review; because it was required that petitioner raise and present these issues to meet the required exhaustion element for federal review of his issues.

Despite and/or contrary to petitioner's expressed requests and wishes, attorney Chilton failed and refused to raise and present said issues to the Court of Appeals, or in a subsequent Petition For Review to the Oregon Supreme Court.

On information and belief, attorney Chilton made a purely economic decision not to raise and present petitioner's issues that had been litigated in [the] post-conviction court, to the Court of Appeals, or in Petition for Review.

Instead, appellate attorney Chilton chose a singe issue from the eight (8) issues presented to the post-conviction court and failed and/or refused to raise and present the other seven (7) issues litigated in petitioner's post-conviction action in his appeal therefrom to the Court of Appeals.

5 - OPINION AND ORDER

Appellate attorney Chilton took this action, contrary to the verbal and written requests and expressed wishes of his client (Petitioner), and with the full knowledge that his failure to raise and present said issues would preclude petitioner from raising and presenting said issues for federal judicial review.[1]

Respondent asks the Court to deny relief on the Petition on the basis that: (1) Grounds One and Two are procedurally defaulted and the default is not excused; (2) Ground Three was denied on the merits in a state court decision entitled to deference; and (3) Ground Four fails to state a claim for habeas relief.

## DISCUSSION

### I. Unargued Claims

Petitioner fails to brief the merits of Grounds One and Four in his counseled supporting memorandum. The State contends that at trial and on appeal, petitioner objected only to the admission of evidence of prior convictions and bad acts as violative of the Oregon Evidence Code and that he never "cite[d] the federal constitution or a single federal case during his state-court proceedings." Response [22] at 8. Accordingly, the State argues that petitioner's Ground One due process claim is procedurally defaulted. Moreover, the State maintains that the alleged inadequacy of petitioner's post-conviction appellate attorney set out in Ground Four cannot be a basis for relief because there is no

---

[1] The ineffective assistance of trial counsel claims petitioner contends his post-conviction appellate counsel failed to present to the Oregon Court of Appeals are enumerated in his Petition [3] at pp. 11-12.

6 - OPINION AND ORDER

federal constitutional right to state post-conviction relief proceedings. Id. at 14.

On federal habeas review, petitioner must show that the state court determination denying his claims was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). The Court's review of the record reveals that petitioner failed to federalize his Ground One claim. With regard to Ground Four, regardless of whether petitioner's post-conviction appellate counsel performed ineffectively, there is no legal basis for excusing the procedural default of the underlying ineffective assistance of trial counsel claims. See Martinez v. Ryan, 132 S.Ct. 1309, 1320 (2012) ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."). Accordingly, by not advancing Grounds One and Four in his memorandum, petitioner has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

## II. Exhaustion and Procedural Default

### A. Standards.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court

7 - OPINION AND ORDER

will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

8 - OPINION AND ORDER

B.  **Analysis.**

**Ground Two - Trial Court's Failure to Act, Inquire and Declare a Mistrial in Response to Petitioner's Motion Advising the Court the Jury Had Seen Him in Shackles and Jail Clothes During the Trial Violated Petitioner's Sixth Amendment Right to an Impartial Jury and Due Process Right to the Presumption of Innocence**

As a preliminary matter, the parties agree that petitioner never brought concerns related to the jury seeing him in shackles, jail clothes and escorted by guards to the trial court's attention until *after* the jury had rendered its verdict and been dismissed. Nevertheless, petitioner asserted on direct appeal that raising such concerns at that time was "tantamount to a request that the [trial] court grant a mistrial." Respondent's Exhibit 107 at 29.

Moreover, petitioner argued that because he had been "left to his own devices, and received absolutely no help from trial counsel concerning this matter" the Oregon Court of Appeals should deem his motion for mistrial timely raised despite the fact it was not made until after the jury had rendered its verdict and been excused. Id. at 31. Respondent maintains this claim is defaulted because the trial court's failure to acknowledge or address petitioner's untimely motion rested on an independent and adequate state law ground governing the timeliness of motions for mistrial. Response [22] at 9 (citing Coleman, 501 U.S. at 732; State v. Walton, 311 Or. 223, 231 (1991)(defendant waives a claim of error by failing to

9 - OPINION AND ORDER

move for a mistrial at the time of the irregular event)). The Court agrees.

Although the ultimate burden of proving adequacy of a state procedural bar is on the respondent, once respondent has "adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to petitioner." Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). Petitioner may satisfy his burden "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Id. As respondent correctly notes, petitioner fails to address the procedural default issue regarding the timeliness of any motion for mistrial in his briefs before the Court. Consequently, he has not met his burden. This claim was not properly exhausted in state court, and is now procedurally defaulted. Petitioner does not attempt to excuse his default by proving cause or prejudice, or by making a colorable showing of actual innocence in this motion.

III. **Merits**

    A.   **Standards**.

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

10 - OPINION AND ORDER

the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

///

///

11 - OPINION AND ORDER

B. **Analysis**.

**Ground Three: Ineffective Assistance of Trial Counsel for Failing to Move for a Mistrial When Notified that Members of the Jury Saw Petitioner in Shackles, Jail Clothes, and Escorted by Law Enforcement Officers During the Trial**

With respect to petitioner's ineffective assistance of trial counsel claim for failure to move for a mistrial based on one or more jury members witnessing petitioner in restraints and escorted by armed guards, petitioner's post-conviction trial counsel summarized this claim during her argument before the PCR trial court as follows:

> Another basis [for a motion for mistrial] is that jury members saw Mr. Whiley in restraints, Mr. Whiley feels that while he was getting on the bus for jail transport it was obvious that several jury members saw Mr. Whiley while he was in restraints used while the witnesses obvious transported and felt that his trial counsel at that point should have made a motion for mistrial and no motion for mistrial was made.

Respondent's Exhibit 155 at 5. In response, the State argued:

> This motion for mistrial that Mr. Whiley thinks should have been made as a result of jurors seeing him in restraints. In (INAUDIBLE) testimony indicates that keeping these basically all of downtown Portland saw him and the other defendant in custody during that period of time that week or two weeks getting onto a bus. There's no affidavit again for Your Honor too there is no evidence presented to this post conviction trial that would indicate that any jurors were at all influenced and in fact the record before Your Honor of how the jury in fact reached their verdict. They found Mr. Whiley no guilty by (INAUDIBLE) on multiple charges. It's simply not representative of a bias or prejudice juror who would somehow by seeing Mr. Whiley if in fact it did happen, in restraints that she or he would have been bias in their determination of his (INAUDIBLE). This issue additional

as presented on appeal and all of his issues were denied on appeal and his conviction confirmed.

Id. at 7.

In denying post-conviction relief, the PCR trial court stated:

[Trial counsel's] affidavit gives some explanation and explains how he made those decisions. Motions were filed and motions were heard. There is not evidence to substantiate anything improper concerning the jury, either communications or seeing Mr. Whiley in restraints there is simply nothing there is no evidence on that issue. I find that [trial counsel's] representation was constitutionally efficient [sic] and there is no evidence to show that he was not prepared. Obviously there were a number of counts in which the jury found that the defense was adequate and appropriate because they found a not guilty verdict.

Id. at 14.

Moreover, in the General Judgment, the PCR trial court found that there was "[n]o evidence of improper communications to jury, or jury seeing petitioner in restraints. Attorney's representation constitutionally sufficient." Respondent's Exhibit 156.

Petitioner contends the PCR court's denial of his claim was based on an unreasonable determination of the facts in light of the evidence presented. Supporting Memorandum [30] at 28 (citing 28 U.S.C. § 2254(d)(2); Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir. 2004)). Specifically, petitioner focuses on the PCR court's finding that there was "no evidence" to substantiate petitioner's allegations that juror members saw him in restraints. In fact, the State admitted into evidence at the PCR trial petitioner's deposition wherein he detailed his allegations. Moreover,

13 - OPINION AND ORDER

petitioner argues the PCR court's erroneous reference to petitioner's trial counsel's non-existent affidavit demonstrates that the PCR court was confused about the evidence and buttresses petitioner's assertion that the PCR court's denial of this claim was based on an unreasonable determination of the facts in light of the evidence presented.

These arguments notwithstanding, the Court finds a fair reading of the record reveals the PCR court determined that there was no evidence, beyond petitioner's own self-serving, far from precise account that certain jury members improperly viewed him in restraints and escorted by guards at his trial.[2] In other words, the PCR court found there was "not evidence to substantiate" petitioner's account. And no evidence that the jury was improperly influenced by any such viewing. In addition, the Court is persuaded that the PCR court was cognizant of petitioner's post conviction deposition testimony and took it into account in denying

---

[2] In his post-conviction proceeding deposition, petitioner attested variously that: (1) he thought more than one juror had seen him in restraints; (2) it happened almost every day of his nearly two week trial; (3) he advised his counsel of this occurrence every time he was able to positively identify a jury member observing him under these conditions; (4) it also occurred during jury selection; (5) 70 people saw him in restraints; (5) he identified juror members by their clothing; (6) each and every day "numerous" juror members saw him in restraints and escorted by armed guards; (7) each day two or three juror members saw him in restraints; (8) he specifically advised his counsel of these occurrences, identifying the juror members by their individual juror numbers; (9) every day the same two or three jurors observed him in restraints. Supporting Memorandum [30] at 26-28.

14 - OPINION AND ORDER

the claim. First, the PCR court specifically noted that it had "read all of the pleadings that [had] been filed" and "read those [exhibits] that [it] felt that where [sic] necessary for the particular issues that have been raised here in the post conviction." Among these exhibits was petitioner's deposition transcript. Second, as set forth above, the State referenced petitioner's deposition "testimony" indicating he was improperly seen by jurors in restraints and escorted by armed guards. For these reasons, notwithstanding the wording of the PCR court's findings and its erroneous reference to trial counsel's affidavit, petitioner has not met his burden of rebutting the presumption of correctness due the PCR court's factual findings and cannot demonstrate that that court's denial of relief on this claim was based on an unreasonable determination of the facts in light of the evidence presented during the PCR trial. Nor can petitioner demonstrate that the PCR court's denial of this claim was contrary to, or involved an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Alternatively, petitioner suggests that to the extent post-conviction counsel failed to present *any* evidence during trial to support this claim as the State maintained, the claim is procedurally defaulted and the Court should excuse such default pursuant to Martinez v. Ryan, 132 S.Ct. 1309 (2012) and address it on the merits following an evidentiary hearing. The Court rejects

15 - OPINION AND ORDER

this argument on the ground the state PCR court addressed this ineffective assistance of counsel claim on the merits, and Martinez, therefore, has no bearing on its resolution.

Under Martinez, a federal habeas petitioner may establish "cause" to excuse a procedural default if PCR counsel was ineffective under Strickland for failing to raise a substantial claim of ineffective assistance of trial counsel. See Martinez, 132 S.Ct. at 1318. Consequently, any alleged failure on PCR counsel's part to thoroughly develop and support the subject ineffective assistance of trial counsel claim raised during petitioner's a post conviction proceeding, does not bring it under Martinez's purview.

Furthermore, petitioner's contention that he is entitled to an evidentiary hearing on this claim is not well taken. As noted above, the PCR court considered this claim on the merits. When reviewing claims under § 2254(d), provided the claims were adjudicated on the merits in a state court proceeding, a reviewing federal habeas court is restricted to the record that was before the state courts at the time the decision was rendered. Cullen v. Pinholster, 131 S.Ct. 1388, 1392 (2011). Since petitioner's claim was adjudicated on the merits, he is not entitled to an evidentiary hearing here.

///
///

16 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus [3] is DENIED, and this case is DISMISSED, with prejudice. In addition, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this 4t day of March, 2013.

_____
Robert E. Jones
United States District Judge